IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| YUKI GIDDINGS, an individual,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>UTAH TRANSIT AUTHORITY, a local district of the State of Utah; STANLEY SPROUSE, an individual; and ALDO GOMES, an individual,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION and ORDER GRANTING IN PART and DENYING IN PART UTA's PARTIAL MOTION TO DISMISS**<br><br>Case No. 2:14-cv-00641-DN<br><br>District Judge David Nuffer |

Defendant Utah Transit Authority (UTA) moves to dismiss Plaintiff Yuki Giddings's second, fourth, fifth and eighth causes of action.[1] Ms. Giddings did not respond to UTA's Motion. On that basis alone, the local rules permit granting the Motion.[2] Instead, the arguments will be addressed on the merits.

UTA's Partial Motion to Dismiss is GRANTED in part and DENIED in part. Based upon reasoning set forth in UTA's unopposed Motion on the fourth, fifth, and eighth causes of action, those claims are DISMISSED. The second cause of action alleging UTA failed to accommodate a disability under the Americans with Disabilities Act[3] (ADA) is not dismissed because UTA is not a state agency and cannot assert the state's Eleventh Amendment immunity.

---

[1] Partial Motion to Dismiss (Motion), docket no. 14, filed Nov. 25, 2014.

[2] *See* DUCivR 7-1(d) ("Failure to respond timely to a motion may result in the court's granting the motion without further notice.").

[3] 42 U.S.C. §§ 12101 et. seq.

MOTION TO DISMISS STANDARD........................................................................................ 2
DISCUSSION ........................................................................................................................... 2
    UTA is Not a State Agency Entitled to Assert Eleventh Amendment Immunity............... 2
    Claims Under the Utah Antidiscrimination Act Must Be Pursued Administratively......... 5
    Negligence-based Claims Are Precluded by Statutory Exclusive Remedy Provisions...... 6
        Statutory Preclusion of Tort Claims in Utah.............................................................. 6
        Preclusion by the Utah's Workers' Compensation Act ............................................ 7
        Preclusion by the Utah Antidiscrimination Act ....................................................... 9
ORDER..................................................................................................................................... 10

## MOTION TO DISMISS STANDARD

Under a Rule 12(b)(6) motion, well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party.[4] To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[5]

## DISCUSSION

### UTA is Not a State Agency Entitled to Assert Eleventh Amendment Immunity

In her second cause of action, Ms. Giddings alleges that UTA failed under Title I of the Americans with Disabilities Act to accommodate her disability.[6] UTA asserts that it is a state agency and as such, is entitled to assert sovereign immunity "like any state agency" under the Eleventh Amendment of the United States Constitution.[7] Asserting sovereign immunity against "a federal right of action [is] . . . controlled by federal law."[8] Although state courts may hold that a governmental entity is "entitled to share in the state's sovereign immunity, the extent of

---

[4] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[6] Complaint at 16, docket no. 2, filed Sept. 2, 2014.

[7] Motion at 4−5.

[8] *Howlett v. Rose*, 496 U.S. 356, 376 (1990).

Eleventh Amendment immunity is a question of federal law."[9] Under federal law, UTA does not share in the state's Eleventh Amendment immunity because "[o]nly a state or 'arms' of a state may assert" immunity under the Eleventh Amendment.[10]

The principal Supreme Court decision in Eleventh Amendment jurisprudence is *Mt. Healthy City School District Board of Education v. Doyle*.[11] In *Mt. Healthy*, the threshold question was whether an Ohio school district board had Eleventh Amendment immunity.[12] The Supreme Court declared that the ability to assert immunity turns on "whether the [governmental entity] is to be treated as an arm of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a . . . political subdivision to which Eleventh Amendment does not extend."[13] The Court examined several factors before holding that the school district was not entitled to assert Eleventh Amendment immunity because it was more like a county or city than it was like an arm of the State.[14] The Tenth Circuit has consistently followed *Mt. Healthy* stating that

> [w]hether a particular political subdivision is an 'arm of the state' is determined by examining four factors: (1) the characterization of the governmental unit under state law; (2) the guidance and control exercised by the state over the governmental unit; (3) the degree of state funding received; and (4) the governmental unit's ability to issue bonds and levy taxes on its own behalf.[15]

---

[9] *Ambus v. Granite Bd. of Educ.*, 995 F.2d 992, 995.

[10] *Sutton v. Utah Sch. for Deaf & Blind*, 173 F.3d 1226, 1232 (10th Cir. 1999).

[11] *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977).

[12] *Id.* at 280.

[13] *Id.*

[14] *Id.* at 280−81.

[15] *Sutton*, 173 F.3d at 1232.

A majority of circuit courts have "concluded that 'the entity asserting Eleventh Amendment immunity has the burden to show that it is [an "arm" of the state] entitled to [Eleventh Amendment] immunity.'"[16]

Under the Governmental Immunity Act of Utah, UTA may be entitled to share in the state's protections for certain purposes, but "the extent of Eleventh Amendment immunity [remains] a question of federal law."[17] Under Utah law, UTA is not a state agency; rather, UTA is a local district political subdivision of the State of Utah.[18] As such, UTA "may . . . be sued."[19]

Contrary to UTA's argument, no court has "concluded [that] UTA is a state agency."[20] UTA relies on *Parks v. Utah Transit Authority*[21] and *Greene v. Utah Transit Authority*[22] to support its assertion that it holds the requisite status for Eleventh Amendment protection.[23] In *Parks*, the Utah Supreme Court determined UTA was a governmental entity serving a governmental purpose that entitled it to assert a limitation on damages under Utah's Governmental Immunity Act (UGIA).[24]  Similarly in *Greene*, the court recognized that "UTA is a governmental entity" and that suit against it requires strict compliance with the UGIA.[25] Neither case declares that UTA is a state agency under federal law, and neither case provides an

---

[16] *Woods v. Rondout Valley Cent. Sch. Bd. of Educ.*, 466 F.3d 232, 237 (2d Cir. 2006) (quoting *Gragg v. Ky. Cabinet for Workforce Dev.*, 289 F.4d 958 (6th Cir. 2002) (citing cases in the Third, Fifth, Seventh and Ninth Circuits).

[17] *Ambus*, 995 F.2d at 995.

[18] *See* Utah Code Ann. § 17B-1-103(1)(a)(ii)-(iii). UTA acknowledges its status under Utah law on its own website, which states: "UTA is not a state agency under Utah law; it is a local district political subdivision of the State of Utah." Organization & Governance, Utah Transit Authority, http://www.rideuta.com/mc/?page=AboutUTA-OrganizationGovernance (last visited May 5, 2015).

[19] Utah Code Ann. § 17B-1-103(1)(b).

[20] Motion at 5.

[21] *Parks v. Utah Transit Auth.*, 53 P.3d 473 (Utah 2002).

[22] *Greene v. Utah Transit Auth.*, 37 P.3d 1156 (Utah 2001).

[23] Motion at 4−5.

[24] *See Parks*, 53 P.3d at 475−77.

[25] *See Greene*, 37 P.3d at 1160.

analysis that establishes UTA is an "arm" of the state under federal law. Additionally, UTA fails to provide a *Mt. Healthy* analysis that establishes it as an "arm" of the state. Therefore, UTA has not shown it is entitled to share in the state's Eleventh Amendment immunity. Consequently, UTA's Motion is DENIED as to Giddings's second cause of action.

### Claims Under the Utah Antidiscrimination Act Must Be Pursued Administratively

In her fourth cause of action, Ms. Giddings alleges a violation of the Utah Antidiscrimination Act (UADA) against all defendants.[26] The plain language of the UADA[27] and cases interpreting it[28] suggest that Giddings may only pursue her claim for a remedy under the UADA by following the administrative procedures contained in the Act. The UADA describes an administrative process to seek relief for discrimination, and provides that "[t]he procedures contained in this section are the exclusive remedy under state law for employment discrimination based upon . . . sex."[29] A plaintiff must elect whether to pursue the state administrative claim or pursue a federal claim. "The commencement of an action under federal law for relief based upon any act prohibited by [the UADA] bars the commencement or continuation of any adjudicative proceeding before the commission in connection with the same claims under this chapter."[30]

The Utah Supreme Court has held that an individual does not have a private right of action for violations of the UADA.[31] In *Buckner v. Kennard*, the court confirmed that "the exclusive remedy for an employee claiming a violation of the [UADA] is an appeal to the state

---

[26] Complaint at 18.

[27] *See* Utah Code Ann. § 34A-5-107(15).

[28] *See Buckner v. Kennard*, 99 P.3d 842, 852 (Utah 2004); *Blauer v. Workforce Servs.*, 331 P.3d 1, 6 (Utah Ct. App. 2014).

[29] Utah Code Ann. § 34A-5-107(15)(c).

[30] *Id.* at § 34A-5-107(16)(a).

[31] *Buckner*, 99 P.3d at 852.

Division of Antidiscrimination and Labor."[32] An aggrieved employee may bring other causes of action to court, but the UADA itself does not provide "for suit by a private citizen asserting a violation of the Act."[33] Thus, Giddings's claim against UTA for a violation of the UADA itself is barred by the Act. Additionally, Ms. Giddings commencement of her action in federal court under federal law effectively bars her claims under the UADA before the commission.[34] Accordingly, UTA's Motion is GRANTED as to Giddings's fourth cause of action.

### Negligence-based Claims Are Precluded by Statutory Exclusive Remedy Provisions

In her fifth cause of action, Ms. Giddings alleges that UTA was negligent in failing to protect her from a harassing workplace.[35] In her eighth cause of action, she alleges that UTA was negligent in its hiring, supervision and employment by failing to protect her from the physical and emotional harms caused by the alleged sexual harassment.[36] UTA argues that Giddings's claims are barred by the UADA's exclusive remedy provision because they are based on sexual harassment due to gender and also barred by the Workers' Compensation Act because the claims are employment-related.[37]

### Statutory Preclusion of Tort Claims in Utah

In *Retherford v. AT&T Communications,* the Utah Supreme Court adopted the "indispensable element test" to determine "whether a statutory cause of action forecloses a common law remedy."[38] Under the test, preclusion depends on whether the type of injury the

---

[32] *Id.*

[33] *Id.*

[34] Utah Code Ann. § 34A-5-107(16)(a) ("The commencement of an action under federal law for relief based upon any act prohibited by this chapter bars the commencement or continuation of any adjudicative proceeding before the commission in connection with the same claims under this chapter.").

[35] Complaint at 19.

[36] *Id.* at 21.

[37] Motion at 10.

[38] *Retherford v. AT&T Commc'ns*, 844 P.2d 949, 963 (Utah 1992).

statute addresses is a necessary element of the tort claim.[39] If a common law tort claim cannot be proved without also proving the type of injury addressed by the statute, then the claim is barred by the statute's exclusivity provision.[40]

*Retherford* illustrated the application of the indispensable element test in the workers' compensation context as previously applied[41] in *Mounteer v. Utah Power & Light Company*.[42] *Retherford* explained the *Mounteer* Court's analysis as follows:

> Initially, we identified the injury that the workers' compensation statute is designed to address, i.e., only physical and mental injuries on the job. Then we examined the elements of the plaintiff's tort claims . . . to determine whether physical or mental injury was a necessary element of each cause of action. This inquiry led us to the following conclusions. First, we determined that the plaintiff's claim for slander did not require that the plaintiff prove physical or mental injury; it required defamation, or injury to reputation, which was not an injury the statute addressed. Consequently, we held that the nature of the injury was not among those injuries protected by the statute and therefore the Workers' Compensation Act did not provide the exclusive remedy for the plaintiff's slander claim. Second, we determined that the plaintiff's claims for intentional and negligent infliction of emotional distress *did* require that the plaintiff prove mental injury because "'mental harm is the essence' of [those] tort[s]." Because mental injury was among those injuries addressed by the statute and because the plaintiff could not prove intentional and negligent infliction of emotional distress without proving mental injury, we held that the Workers' Compensation Act provided the exclusive remedy for the plaintiff's mental distress.[43]

**Preclusion by the Workers' Compensation Act of Utah**

In her negligence-based claims, Ms. Giddings alleges that some of UTA's improper conduct occurred during the course and scope of her employment with UTA.[44] Utah's Workers' Compensation Act is the exclusive remedy against the employer for injuries sustained by an

---

[39] *Id.* at 965.

[40] *Id.*

[41] *Id.*

[42] *Mounteer v. Utah Power & Light Co.,* 823 P.2d 1055 (Utah 1991).

[43] *Retherford*, 844 P.2d at 965 (citations omitted).

[44] *See* Complaint at 19.

employee and the "liabilities of the employer imposed by this chapter is in place of any and all other civil liability whatsoever, at common law or otherwise[.]"[45] The Act also provides that "an action at law may not be maintained against an employer or against any officer, agent, or employee of the employer based upon any accident, injury, or death of an employee."[46] UTA argues that "[i]njuries at the work place occasioned by negligent acts or omissions of an employer clearly come within that bar."[47] Yet under the indispensable element test as described earlier in *Retherford*, preclusion "depends on the nature of the injury for which the plaintiff makes the claim, not the nature of the defendant's [conduct] which the plaintiff alleges to have been responsible for that injury."[48]

In *Retherford*, the Utah Supreme Court noted that the Act's applicability to negligent employment was unclear because "[n]either the Act itself nor judicial interpretation of it . . . suppl[ied] an explicit exception for the tort of negligent employment[.]"[49] But because that issue was not raised or briefed, the court declined to determine whether or not the claim was barred by the Act.[50] The court noted that "an injury-oriented analysis rather than on an analysis centered on the legal theory of the claim would suggest workers' compensation would be an exclusive remedy" for a negligent employment claim.[51]

Under the indispensable element test, Ms. Giddings's common law tort claims are barred by the Workers' Compensation Act. First, the Act is designed to address "physical and mental

---

[45] Utah Code Ann. § 34A-2-105(1).

[46] *Id.*

[47] Motion at 11 (citing *Star v. Indus. Comm'n,* 615 P.2d 436, 437 (Utah 1980) ("[I]nsofar as the negligence of the employer is involved, . . . workmen's compensation constitutes the exclusive remedy against the employer[.]")).

[48] *Retherford*, 844 P.2d at 965 (internal quotation marks omitted).

[49] *Id.* at n.8.

[50] *Id.*

[51] *Id.*

injuries on the job."[52] Giddings's physical or mental injury is an indispensable element of each of her tort claims and falls within the type of injury that the Act was designed to address. Ms. Giddings cannot prove her negligence or negligent employment claims without proving physical or mental injury that occurred on the job. Therefore, both common law tort claims are barred by the exclusive remedy provision of the Workers' Compensation Act.

**Preclusion by the Utah Antidiscrimination Act**

Giddings's negligence-based claims are also barred by the UADA. UTA argues that under *Retherford*, "Giddings' claims are barred by the UADA's exclusive remedy provision" because "[h]er alleged injury, the harassment of her fellow employees and resulting damages, is not distinct from the employment discrimination based upon sex."[53] Yet in *Retherford,* the Utah Supreme Court found that the UADA did not foreclose a negligent employment claim because the injury from unchecked misconduct of the plaintiff's fellow employees was distinct from the injury of employment discrimination.[54] Although both claims arise out of UTA's alleged discriminatory conduct, under the test, preclusion "depends on the nature of the injury for which [the] plaintiff makes [the] claim, not the nature of the defendant's act which the plaintiff alleges to have been responsible for that injury."[55]

Later, in *Gottling v. P.R. Incorporated*,[56] the Utah Supreme Court again addressed preclusion by the UADA and held that "the plain language of [the UADA] reveals an explicit legislative intention to [preclude] all common law remedies for employment discrimination."[57]

---

[52] *Id.* at 965.

[53] Motion at 10.

[54] *Retherford,* 844 P.2d at 967.

[55] *Id.* at 965 (internal quotation marks omitted).

[56] 61 P.3d 989 (Utah 2002).

[57] *Id.* at 992.

The court found that the legislative intent of the Act was "to completely blanket the field of employment law in Utah."[58] It broadly held that "the UADA [precludes] all common law causes of action for discrimination, retaliation, or harassment by an employer on the basis of sex, race, color, pregnancy, age, religion, national origin, or disability."[59]

Ms. Giddings's pendent negligence claims against UTA are grounded on allegations and injuries of discrimination and harassment based on gender. As such, they are common law claims which are precluded under the Utah Supreme Court's broad holding in *Gottling*. Thus, Ms. Giddings's exclusive remedy for her alleged injuries stemming from employment discrimination and harassment based on gender, at least under state law, was an administrative claim against UTA under the Act. Accordingly, Giddings's negligence-based claims are barred by the UADA and must be dismissed.

In summary, Giddings's negligence-based claims are barred by the exclusive remedy provision of the Utah Workers' Compensation Act and by the UADA. Accordingly, UTA's Motion is GRANTED as to Giddings's fifth and eighth causes of action against UTA.

## ORDER

IT IS HEREBY ORDERED that UTA's Motion is GRANTED IN PART and DENIED IN PART. Giddings's fourth, fifth and eighth causes of action against UTA are DISMISSED. The motion to dismiss the second cause of action is DENIED.  All other claims remain against UTA and the remaining defendants.

Signed May 13, 2015.                              BY THE COURT

_____

District Judge David Nuffer

---

[58] *Id.* at 994.

[59] *Id.* at 997.